UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | |
|---|---|
| RICHARD JOSEPH LEE,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CAROLYN W. COLVIN, ACTING  )<br>COMMISSIONER OF SOCIAL  )<br>SECURITY,  )<br>  )<br>  Defendant.  ) | Civil Case No.<br>0:14-CV-178-JMH<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*

This matter is before the Court upon cross-motions for Summary Judgment [DE 6, 7] on Plaintiff's appeal of the Commissioner's denial of her application for period of disability and disability insurance benefits. [Tr. 17-24].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

**I. Overview of the Process and the Instant Matter**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the instant matter, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the relevant time period under step one. [Tr. 22]. Under step two, the ALJ found that Plaintiff had no "severe" impairment as

2

defined by the agency's regulations. [Tr. 22]; 20 CFR § 416.920(c). Thus, the ALJ determined that Plaintiff is not disabled under the Social Security Act. [Tr. 23].

**II. Standard of Review**

In reviewing the ALJ's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

**III. Background**

Plaintiff filed a Title II application for disability and disability insurance benefits, alleging disability beginning on July 1, 2009. [Tr. 20]. Plaintiff's date last insured was

3

December 31, 2009. [Tr. 20]. The parties do not dispute that the relevant period of disability was approximately six months.

Plaintiff was 57 years of age at the alleged disability date, [Tr. 20; 152], is a high school graduate, and has completed some college. [Tr. 33]. Plaintiff has past work experience as a pet store manager. [Tr. 34]. Plaintiff claims he has become disabled and unable to work due to extreme, constant pain in his back, especially his lower back, and his left leg. [Tr. 34].

Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing, which took place on January 25, 2013. [Tr. 20]. The ALJ heard testimony from Plaintiff and the vocational expert ("VE"), Leah P. Salyers. [Tr. 20].

After considering all the evidence in the administrative record, including the testimony of the plaintiff and the VE, the ALJ issued an unfavorable decision denying disability insurance benefits on June 26, 2013. [Tr. 17]. The ALJ found that Plaintiff was not disabled on or before December 31, 2009, the date his Title II insurance status expired. [Tr. 23]. The Appeals Council denied Plaintiff's request for review on October 14, 2014. [Tr. 1]. Plaintiff has exhausted her administrative remedies, and this case is ripe for review under 42 U.S.C. §§ 405(g) & 1383(c)(3).

4

**IV. Analysis**

Plaintiff argues (1) that the ALJ erred in her consideration of Dr. Gary Dillon's opinion, and (2) that the ALJ's determination was not supported by substantial evidence because she did not consider key parts of the medical record in reaching her decision.

First, Plaintiff argues that the ALJ should have ascribed Dr. Gary Dillon's opinion significant weight as a treating source and, when she chose not to do so, should at least have given sufficient explanation in line with the requirements of 20 C.F.R. 404.1527(c). In January, 2013, Dr. Dillon opined that Plaintiff "is disabled due to chronic pain and is unable to perform any type of gainful employment." [Tr. 717-19].

As an initial matter, Dr. Dillon is a chiropractor. As such, he is not considered a treating source. *See* 20 C.F.R. §§ 404.1502, 404.1513(d)(1); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530-31 (6th Cir. 1997). Therefore, his opinion was not entitled to be given controlling weight, nor was it subject to the other requirements of 20 C.F.R. § 404.1527(c).

Rather, the ALJ had the discretion to determine the appropriate weight to afford Dr. Dillon's opinion based on the evidence in the record. *See Walters*, 127 F.3d at 530 (citing *Diaz v. Shalala*, 59 F.3d 307, 314 (2d Cir. 1995)). The ALJ afforded no weight to Dr. Dillon's opinion, noting that it came

5

three years after the relevant time period and was not supported by evidence during that period. [Tr. 23]. Indeed, in addition to the fact that Dr. Dillon's opinion was given in 2013, long after the relevant time period in 2009, it also makes no specific reference to Plaintiff's condition in 2009. [Tr. 717-19]. *See Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976) (noting that subsequent evidence of a medical condition is "relevant only insofar as it relates back" to the period of disability).

Furthermore, although Plaintiff has calculated that Dr. Dillon saw Plaintiff 114 times during the relevant period, Plaintiff has identified no record of a diagnosis by Dr. Dillon or any indication that Dr. Dillon believed Plaintiff's condition was disabling between July and December of 2009. And, in the record before the Court, there is no such evidence. Instead, Dr. Dillon's notes appear to vaguely describe Plaintiff's symptoms of pain and occasionally the various chiropractic treatments Dr. Dillon provided. Moreover, Plaintiff's back pain is most often described as mild, although occasionally it is notated as mildly severe or severe. [Tr. 370-99, 413-617]. This evidence is inconsistent with Dr. Dillon's 2013 opinion that the Plaintiff is disabled. For these reasons, the Court finds that the ALJ's decision not to assign any weight to Dr. Dillon's opinion was supported by substantial evidence.

6

Plaintiff also contends that the ALJ mischaracterized or incorrectly ignored other parts of the medical record and, therefore, her decision is not supported by substantial evidence. Although the ALJ addressed medical findings from as early as 2007 and records into 2012, [Tr. 23 at ¶ 2-3], the ALJ concluded that "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment" during the relevant period. [Tr. 23]. Still, Plaintiff argues that there was evidence in the record outside the relevant period to support a claim of disability.

"Evidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004). However, medical evidence from after the relevant period *may* establish a condition during the insured period, *Begley*, 544 F.2d at 1352-54, so long as the "temporal relation is reasonably proximate and supported by corroborative evidence arising during the insured period." *DeVoll v. Comm'r of Soc. Sec.*, 234 F.3d 1267, *4, 2000 WL 1529803 (6th Cir. 2000) (unpublished) (citing *Begley*, 544 F.2d at 1354); see also *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 379 (6th Cir. 2013); *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

7

Here, Plaintiff is unable to identify evidence that is "reasonably proximate" to, nor any that is "supported by corroborative evidence" from, the relevant period. Plaintiff cites to an X-ray of Plaintiff's left hand from November, 2007, [Tr. 407], and a CT of Plaintiff's sinus completed in April, 2008, [Tr. 265], as evidence that the ALJ failed to consider. This evidence has little relevance, however, to Plaintiff's claim that he could not work due to pain in his low back or leg between July and December, 2009. [*See* Plaintiff's Testimony, Tr. 34].

Likewise, Plaintiff argues the ALJ erred when it failed to consider an MRI of Plaintiff's lumbar spine from August, 2012, [Tr. 703], and an abnormal EMG from December, 2012. [Tr. 701]. The MRI notes "relative mild *early* degenerative changes within lumbar spine." [Tr. 703 (emphasis added)]. This study does not indicate that such abnormalities had been present for a long period of time, certainly not three years. The EMG record also gives no indication that any abnormality had been present for a lengthy period of time. Accordingly, these records provide little insight into Plaintiff's condition in the second half of 2009. In sum, Plaintiff has not identified medical evidence to support a claim of disability during the relevant period.

It appears that the ALJ considered the whole record, but found little support for disability during the relevant period.

[Tr. 23]. For the reasons stated above, the Court finds that the ALJ's determination is supported by substantial evidence.

**V. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Summary Judgment [DE 6] be, and the same hereby is, **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 7] be, and the same hereby is, **GRANTED**.

This the 21st day of July, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge